3082. TROUP v. THE STATE.

1. The verdict of voluntary manslaughter was authorized.

2. The judge did not abuse his discretion in refusing to grant a new trial on the ground of newly discovered evidence.

DECIDED FEBRUARY 7, 1911.

Conviction of manslaughter; from Laurens superior court— Judge Martin. May 11, 1910.

*J. S. Adams,* for plaintiff in error.

*E. D. Graham, solicitor-general,* contra.

POWELL, J. 1. Counsel for the accused insists that the verdict is a compromise; that under the State's case the homicide was an unmitigated murder, and that under the defendant's statement it was justifiable. We agree to the proposition that under the State's testimony it was an unmitigated case of murder, but we can not say that under the defendant's statement the jury was not authorized to find a verdict of voluntary manslaughter. The jury, it must be remembered, was not obliged to believe all of the accused's statement. There were no eye-witnesses to the killing, though several witnesses were only a few feet away. The accused stated, that he and the deceased were gambling and got into a dispute about shuffling the cards; that the deceased cursed him, struck him on the head, jumped on him, and commenced beating him;

that he ran his hand in his pocket and drew a knife, saying that he (the deceased) would cut his (the accused's) throat, and that under these circumstances, he shot and killed the deceased. The only knife found in the room after the difficulty was an old broken knife, closed, and in a corner of the room, several feet away from where the deceased lay shot. The deceased was crippled and went on crutches. There were no powder marks on the clothing or the person of the deceased. The jury had the right to believe that the deceased had made an assault of some nature, but not such as was claimed by the accused in his statement, and that it was not a deadly assault; and that out of anger aroused by it, the accused did the killing.

2. The newly discovered evidence related to certain threats alleged to have been made by the deceased against the accused prior to the day of the homicide. Conceding, for the sake of the argument, that these uncommunicated threats would have been admissible as evidence, still we can not say that the judge abused his discretion in refusing to grant a new trial on account of them. The State's case is not a weak one. The jury, apparently, dealt very mercifully with the prisoner. They would not likely have granted him any greater leniency if this evidence as to these uncommunicated threats had been before them, especially in the light of the concededly friendly intercourse that existed between the parties on the day of the killing and shortly prior thereto.

*Judgment affirmed.*